**Gary Wayne WILSON, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Supreme Court of Kentucky.

June 16, 1981.

Rehearing Denied Sept. 22, 1981.

Michael E. Cassity, Cassity, Kelly & Houser, Mount Orab, Ohio, for appellant.

Steven L. Beshear, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

Gary Wayne Wilson was convicted of first-degree manslaughter and burglary by the Mason Circuit Court and was sentenced to consecutive terms of 20 years on each charge. His appeal is before this court as a matter of right.

On October 17, 1979, Clyde's Super Value in Maysville was burglarized. Two police officers, George Chambers and Danny Hay, responded to a call to investigate. As the officers entered the store, Officer Hay was shot three times by the escaping intruder. Hay died as a result of his wounds.

A careful search of the crime scene revealed some spent bullets from a nine-millimeter pistol, some footprints, and a gorilla mask allegedly worn by the burglar. The

mask was sewn together with black and dark blue thread.

After an extensive investigation, appellant was arrested on October 26, 1979, and charged with the offenses. A search warrant was issued for the home of appellant's mother and stepfather. Included in the items listed, the warrant authorized the seizure of "blue thread." Police officers searched the house and seized one spool and two bobbins of what appeared to be black or dark blue thread.

A suppression hearing was conducted on February 15, 1980, during which appellant challenged the admissibility of the thread on the grounds that the warrant only authorized the seizure of blue thread. Edward Dance, a Kentucky State Police chemist, testified that the thread fibers were primarily blue in nature, yet the thread itself might appear black to some people and blue to others. At the conclusion of the hearing the trial judge ordered that the thread be suppressed.

Appellant's trial began on March 4, 1980. During the course of the proceedings the question of the thread arose again. David Jones, one of the officers conducting the search, testified that the thread appeared to be navy blue under artificial light. Based on the evidence and the earlier testimony of Edward Dance, the trial judge reversed the prior order and allowed the prosecution to introduce the thread. Appellant's counsel was given three additional days in which to prepare for the new evidence.

Appellant contends that the thread was improperly introduced into evidence on the grounds that the "black" thread seized during the search was not particularly described in the search warrant.

■ Items to be seized under a legally executed search warrant must be described "particularly" or "as nearly as may be" under the respective provisions of the Fourth Amendment to the U. S. Constitution and § 10 of the Kentucky Constitution.

As previously stated, Edward Dance tested the seized thread and found the fibers to be dark blue notwithstanding the fact that it might appear black to some observers. Officer Jones testified that the thread taken from the gorilla mask and the thread seized during the search looked dark blue under artificial light. The testimony of these witnesses provided a basis upon which the trial judge could have found that the thread was blue.

■ The language in the warrant authorizing the seizure of "blue thread" sufficiently described what was to be seized in relation with the crimes with which appellant was charged. Hence, the thread was properly taken pursuant to a valid search warrant.

We have reviewed appellant's other assignments of error and find them to be without merit.

The judgment of the Mason Circuit Court is affirmed.

All concur.